GALLOWAY et al. v. HODNETT. (No. 492.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 12, 1919.)

JUDGMENT ⬥⟶256(2)—MUST CONFORM TO SPECIAL ISSUES NOT QUESTIONED.

In suit by husband and children for title and possession of land, where jury found in response to special issue that deed executed by plaintiff husband and his wife to defendant's grantor to correct mistake was intended to operate as a deed, the court could not enter judgment for plaintiffs, who neither objected to the submission of the issue nor filed motion to set aside answer of jury to the issue.

Appeal from District Court, Newton County; W. T. Davis, Judge.

Suit by Robert Galloway and others against T. E. Hodnett. Judgment for defendant, and plaintiffs appeal. Affirmed.

A. L. Shaw, of Stephensville, and A. M. Huffman, of Jasper, for appellants.

Wightman & Hancock, of Newton, for appellee.

WALKER, J. On the 2d day of April, A. D. 1903, Robert Galloway purchased, for a consideration of $200, 50 acres of land on the William Prissick survey in Newton county, Tex.; this being the land in controversy in this suit. He built his home on this land, cleared up a farm, and continued to live on and cultivate this land from that time up to and including the year 1910, and had it worked by tenants during the years 1911, 1912, and 1913. On December 14, 1907, Robert Galloway and his wife, Sarah Galloway, borrowed $50 from James Erwin, executing to Mr. Erwin a deed to said 50 acres of land, properly describing it, except stating that it was on the Richard Simmons league, instead of on the William Prissick survey; this deed being executed as security for the $50. The deed recited a consideration of $60, $50 principal and $10 interest. On August 23, 1909, James Erwin executed a deed to F. M. Mattox to said 50 acres of land for a consideration of $68, properly describing it as on the William Prissick survey. F. M. Mattox knew, at the time he took this deed from Erwin, that Erwin held a deed to the land only as security for $50. The $68 paid by Mattox represented the principal and accrued interest on the original loan of $50.

On March 6, 1911, Robert Galloway and Sarah Galloway executed a deed to F. M. Mattox for said 50 acres of land, properly describing it as on the William Prissick survey; said deed reciting a consideraton of $60, and further reciting that it was executed for the purpose of correcting the description in the deed executed by them to Erwin on December 14, 1907, wherein the land was described as a part of the Richard Simmons league, the deed stating that they were making the correction in the deed to Mattox, because he had purchased from J. A. Erwin. On October 30, 1911, F. M. Mattox sold said 50 acres of land to T. E. Hodnett, appellee here, for a consideration of $320 cash. At the time of the purchase by T. E. Hodnett, appellee George Snell and Sam Galloway were in possession of and cultivating the land for Robert Galloway as tenants, and continued to cultivate it as such for two years thereafter. After the execution of the deed from Mattox to Hodnett, Sarah Galloway died.

This suit was brought by Robert Galloway and his children to recover the title and possession of this 50 acres from T. E. Hodnett. This case was submitted to the jury on three special issues, and in answer thereto the jury found as follows:

(1) The instrument executed by Robert Galloway and his wife, Sarah Galloway, to F. M. Mattox, dated March 6, 1911, and describing the land in controversy, was intended to operate as a deed.

(2) Robert Galloway was in possession of 50 acres of land in controversy by tenants on October 30, 1911.

(3) F. M. Mattox, prior to and on the 23d day of August, 1909, same being the date of the deed executed by James Erwin to F. M. Mattox, knew that the deed made to said Erwin by Robert Galloway and wife was intended as a mortgage.

No objections were made by appellants to the submission of the first issue, no motion was filed by them to set aside the answer of the jury to this issue, and no assignment is made by them that the testimony is not sufficient to sustain the jury's answer to the first issue. On this verdict of the jury, appellants filed a motion asking the court to enter judgment in their behalf. This motion was denied by the court, and judgment was entered in favor of appellee. Appellants present to us only one assignment of error, as follows:

"The court erred to the prejudice of plaintiffs in overruling plaintiffs' motion to enter judgment in their favor upon the answers of the jury to the questions submitted to them in the court's charge and in entering judgment for defendant on his motion."

This assignment cannot be sustained. The jury having found that the instrument dated March 6, 1911, executed by Robert Galloway and his wife, Sarah Galloway, to F. M. Mattox, was intended to operate as a deed, the court could not enter judgment in favor of appellants in the face of this finding. First Texas State Insurance Co. v. Burwick, 193 S. W. 165.

Finding no error in this record, this case is in all things affirmed.